UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------

In re

    CHRISTEE L. BROOKS,                                                12-10456 B

                              Debtors                            <u>DECISION & ORDER</u>

---------------------------------------------------

                              David F. Butterini, Esq.
                              919 Kenmore Avenue
                              Tonawanda, New York 14223
                              Attorney for the Debtor

                              Morris L. Horwitz, Esq.
                              14 Lafayette Square
                              Suite 1440, Rand Building
                              Buffalo, New York 14203
                              Chapter 7 Trustee

Bucki, Chief U.S.B.J., W.D.N.Y.

      Section 1930 of Title 28 of the United States Code sets the fee that a debtor must pay as a condition for filing a bankruptcy petition. In 2005, Congress amended this statute to allow a waiver of the filing fee for certain individuals from households with limited income. *See* 28 U.S.C. §1930(f). This court previously granted a partial waiver to the debtor herein. Now at issue is whether sufficient grounds exist to vacate that prior order and to mandate full payment of the filing fee.

      Pursuant to 28 U.S.C. §1930(f)(1), "the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." Thus, to be eligible for a fee waiver, the debtor must satisfy two requirements: that her income be less that 150 percent of the income official poverty line and that she be unable to pay that fee in installments.

On February 17, 2012, Christee L. Brooks filed a petition for relief under Chapter 7 of the Bankruptcy Code. With that petition, she further submitted an application to proceed *in forma pauperis* (the "IFP Application"). In this application, Ms. Brooks reported a monthly income less than 150 percent of the income official poverty line. Before approving the requested waiver, however, the court followed its usual practice of reviewing the schedules and Statement of Financial Affairs that the debtor had filed with her bankruptcy petition. Finding two areas of concern, the court then set a hearing on the IFP application for March 5, 2012.

The first concern arose from a lack of clarity as to whether the schedules reflected income attributable to all members of the household. At the hearing on March 5, the debtor represented that her household received no income other than what she had acknowledged on her income schedule and on the IFP Application. Based on that reiteration, we accepted the debtor's assertion of eligibility for a fee waiver. The second concern derived from the fact that despite her claims of poverty, the debtor had sufficient resources to pay a retainer to counsel.

When the debtor submitted her petition for relief, the filing fee for a case in Chapter 7 was $306. Of this sum, $60 is reserved for payment to the case trustee. To the extent that the filing fee is waived in full, the trustee in a "no asset" case will essentially work without compensation. In instances where a pro-bono counsel undertakes the representation of a truly impoverished debtor, case trustees have accepted a waiver of their own compensation without complaint. But when a debtor finds resources sufficient to pay her own attorney, case trustees may appropriately question why they alone must assume a personal financial sacrifice. For this reason, on March 13, this court approved an order waiving only that portion of the filing fee that was not dedicated to payment of the trustee.

On April 11, 2012, the Chapter 7 trustee submitted a letter to the court, with copy to debtor's counsel. In this letter, the trustee advised that the debtor's schedules and

Statement of Financial Affairs had failed to disclose an entitlement to receive income tax refunds for 2011 in the amount of $9,046. Because this information might have been relevant to a consideration of whether to grant the IFP waiver, the court issued an order directing the debtor to show cause why the order granting a partial waiver of the filing fee should not be vacated. In response to that order to show cause, the debtor appeared with her counsel at a hearing on April 30 and submitted a post-hearing affidavit.

Christee L. Brooks now acknowledges that her federal and state income tax returns for 2011 established an entitlement to refunds totaling $9,046. Ms. Brooks states that after completing her tax returns, she obtained a refund anticipation loan from an entity called EG Tax Services. After deducting interest and fees in the amount of $400, EG Tax Services released a check in the approximate amount of $1500 to Brooks on February 1, and a check for the balance of the anticipated refund on February 10. From these advances, the debtor purchased a bed for the approximate sum of $975, made payment of $2,000 on account of moneys owed for automobile insurance, purchased a television for the approximate sum of $800, and paid a retainer of $915 to her bankruptcy attorney. Ms. Brooks represents that she used the remainder of the loan proceeds to pay a variety of household expenses, all presumably prior to the filing of her bankruptcy petition on February 17, 2011.

As filed with her bankruptcy petition, the debtor's schedules and Statement of Financial Affairs contain several material misrepresentations. In part 6 of the Statement of Financial Affairs, Brooks declares that she made no assignment of property during the 120 days prior to the commencement of her bankruptcy proceeding. Then in part 10 of that same statement, she indicates that she never transferred property for purposes of security at any time during the prior two years. For certain, the refund anticipation loan would have involved either an assignment of the tax refunds or the granting of a security interest in those refunds or both. In addition, because the record does not indicate how EG Tax Services may have structured the transaction, the court can only speculate whether the

debtor should have listed her refund as an asset on Schedule B, whether she should have reported the loan as a secured obligation on Schedule D, and whether she should have disclosed the lender's receipt of the refunds as a pre-petition payment on part 3 of the Statement of Financial Affairs.

The existence of large tax refunds is the kind of new information that will allow this court to revisit its prior order allowing a partial waiver of the filing fee. Moreover, the debtor's schedules and Statement of Financial Affairs contain false representations that have misled the court. Accordingly, the order of March 13 will be vacated. *See* FED. R. BANKR. P. 9024 and FED. R. CIV. P. 60(a) and (d). Based on a more complete record, the court will now give fresh consideration to the debtor's request for a fee waiver.

Section 1930(f)(1) of Title 28 grants to the Bankruptcy Court the discretion to waive a filing fee when a debtor demonstrates both that her income is less than 150 percent of the income official poverty line and that she is unable to pay the filing fee in installments. Christee Brooks represents that her household unit includes four individuals. As of the date of bankruptcy filing, for a family of that size, a debtor would need a monthly income of $2,881.25, in order to achieve 150 percent of the income official poverty line. On her IFP Application and on her schedule of current income, Brooks declared an average monthly income (after withholdings) of $2,122. However, as calculated by the debtor, this sum included no allocation for tax refunds. The debtor argues that even if the tax refunds were deemed to constitute income, the total refunds of $9,046 should be prorated over twelve months. Such an adjustment would increase the debtor's monthly income by $753.83, to a total of $2,875.83. Thus, by less than $6, Christee Brooks might arguably fulfill the first requirement for eligibility under section 1930(f)(1). Her greater challenge is to satisfy the further test that she be unable to pay the filing fee in installments.

Within less than three weeks prior to the filing of her bankruptcy petition, Christee Brooks collected more than $8,600 in proceeds from a refund anticipation loan. From this

sum, she surely had the ability to pay a single installment of $306 on account of the filing fee for a case in Chapter 7. Alternatively, Ms. Brooks could have elected not to borrow funds and instead wait for the Internal Revenue Service and the State of New York to release the full amount of her tax refund directly into her control. Merely by foregoing the questionable benefit of a minimal acceleration of her receipt of funds, she would have avoided outrageous interest and other charges totaling $400.[1] With a modicum of patience, therefore, the debtor could have avoided those charges and thereby secure more than the amount needed to pay her bankruptcy filing fee. But even if she preferred to accelerate a receipt of funds, the debtor received more than enough money from which she could have reserved the sum of $306. In short, the court is unable to conclude that the debtor lacked an ability to pay her filing fee.

As contained in 28 U.S.C. §1930(f), the authority to waive filing fees is permissive, not mandatory. Thus, subpart (1) of this section states that "the bankruptcy court may waive the filing fee" for eligible debtors. Even though the debtor attempts to show that she can satisfy the two stated conditions for a waiver of the filing fee, the instant facts present numerous good reasons for the court to decline any such exercise of its discretion. The debtor has mislead the court, by reason of misrepresentations in her schedules and Statement of Financial Affairs. Her written response to the order to show cause contains no precise accounting for more than half of her substantial tax refunds. Brooks resorted to bankruptcy only days after learning about her entitlement to tax refunds totaling approximately ninety percent of the unsecured debts listed on her bankruptcy petition. The court must also remain sensitive to the fact that every fee waiver serves to impose upon others the costs that an IFP applicant would otherwise assume. Here, the debtor filed schedules showing reasonable monthly expenses of $2,118 and monthly income of $2,122.

---

[1] The rate of interest would depend on the length of time between the debtor's receipt of loan proceeds and the release of the refund by federal and state taxing authorities. However, if we assume that the time period was less than one month and if the charges of $400 are treated entirely as interest, then those charges would equate to an annual rate of interest in excess of 50%.

By her own estimation, therefore, the debtor had income sufficient to sustain her stated budget, without accessing any part of the tax refund. Even if the debtor had need to use substantial portions of the tax refund to meet necessary expenses, the full filing fee would have represented less than four percent of the debtor's refund entitlement. Surely Ms. Brooks could have reserved this portion for payment of the filing fee. Under these circumstances, the debtor cannot reasonably expect the taxpayers of America to assume the customary charge for the filing of a bankruptcy petition.

In seeking a waiver of her filing fee, Christee Brooks presented Official Form 3B (the IFP Application), together with the statement of current income (Schedule I) that she had submitted with her bankruptcy petition. Unfortunately, as presently constituted, these forms do not unequivocally demand an accounting for recent tax refunds. Nonetheless, better practice would have incorporated a prorated portion of the refund into the debtor's statement of income. As to all future cases, counsel should anticipate that this court will look to consider the debtor's most recent tax refunds as factors in determining whether the debtor can satisfy the requirement of 28 U.S.C. §1930(f)(1), that a waiver be granted only when a debtor is unable to pay the filing fee in installments. For example, in the present instance, the debtor's 2011 tax refunds provide a basis to anticipate future refunds from which the debtor might make an installment payment of her filing fee. Thus, under the terms of the statute, no waiver is here appropriate.

For the reasons stated herein, this court vacates its prior order granting a partial waiver of the debtor's filing fee. Upon reconsideration, the IFP Application is in all respects denied. The debtor shall pay the balance of the filing fee within thirty days of the date of this order, unless she arranges for installment payments upon proper application.

So ordered.

Dated:   Buffalo, New York         /s/    CARL L. BUCKI
         July 19, 2012             Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.